# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DANIEL E. EASTMAN,

        Petitioner,

  vs.                                           Case No. 05-C-0277

JUDY P. SMITH,

        Respondent.

## DECISION AND ORDER

        The petitioner, Daniel Eastman ("Eastman"), is a Wisconsin state prisoner incarcerated at Oshkosh Correctional Institution in Oshkosh, Wisconsin. On May 28, 1993, Eastman pleaded guilty to first degree sexual assault of a child, in violation of Wisconsin Statute 948.02(1). He was sentenced to forty-five months in prison. Sometime near the end of his sentence—it is not clear how much time he had left on his forty-five-month sentence—Eastman tried to escape. During his escape attempt, Eastman abducted a child before being caught. As a result, he was sentenced to an additional sixteen years in prison.

        In January 2005, Eastman filed a "Motion to Vacate and Correct Sentence" in the Circuit Court of Douglas County, Wisconsin. In that motion Eastman sought to collaterally attack his forty-five-month sentence. The circuit judge addressed a letter to Eastman and the state, holding that Eastman's was not a proper post-conviction motion under Wisconsin law

because Eastman was no longer "in custody" for purposes of Wisconsin's post-conviction procedure statute.[1]

Eastman did not appeal that ruling. Instead, he came to this Court, filing the motions the Court now addresses: a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody as well as an Application to Proceed without Prepayment of Fees. His Application to Proceed without Prepayment of Fees is quickly dismissed as moot because he has paid the $5.00 filing fee.

Eastman's petition for a writ of habeas corpus must also be dismissed. An application for a writ of habeas corpus may not be granted "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State," 28 U.S.C. § 2254(b)(1)(A), and Eastman did not appeal his judgment of conviction. That failure alone does not preclude this Court's review of his petition as long as Eastman filed for post-conviction review, giving "the state courts one full opportunity to resolve any constitutional issues." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004) ("Fair presentment . . . requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings."). Eastman did not give the state courts one full opportunity to hear

---

[1] Section 974.06 of the Wisconsin statutes states:

After the time for appeal or postconviction remedy provided in s. 974.02 has expired, a prisoner in custody under sentence of a court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the U.S. constitution or the constitution or laws of this state, that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Wis. Stat. 974.06 (2003-04).

his constitutional claims in post-conviction proceedings, however. He filed a motion to vacate and correct his sentence on January 7, 2005, but did not appeal when it was denied. Instead, Eastman rushed right to federal court. Eastman has failed to exhaust the remedies available to him in Wisconsin courts.

Of course, failure to exhaust his state remedies does not doom Eastman's petition either, if exhaustion would be futile. 28 U.S.C. § 2254(b)(1)(B)(ii); *see also Lampkins v. Gagnon*, 710 F.2d 374, 375 (7th Cir. 1983). But there is no evidence that exhaustion would be futile. Eastman petitioned the Douglas County Circuit Court in which he was convicted, attacking his conviction for sexual assault of a child (the conviction he attacks here). The Douglas County court noted that a state post-conviction proceeding attacking that conviction is inappropriate because Eastman is no longer in custody for sexual assault of a child. That may be true, but public information available on his sentence casts that assertion into doubt.

Public records indicate that his sixteen-year sentence for abduction runs consecutive to his forty-five-month sentence for sexual assault of a child. If his sixteen-year sentence was, indeed, imposed to run consecutive to the forty-five-month sentence he is challenging, federal law considers him "in custody" for purposes of collaterally attacking either conviction. *See Garlotte v. Fordice*, 515 U.S. 39, 41 (1995) (prisoner is "in custody" for purposes of 28 U.S.C. § 2254 under all of his consecutive sentences until all are served; thus he may collaterally attack sentence that appears to have run); *Peyton v. Rowe*, 391 U.S. 54, 67 (1968) ("a prisoner serving consecutive sentences is 'in custody' under any one of them").

Like the federal habeas corpus statute, Wisconsin's post-conviction procedure statute requires that a prisoner be "in custody" in order to collaterally attack his sentence. *See* Wis. Stat. § 974.06. The Court can find no reason to distinguish Wisconsin's "in custody" requirement from the same requirement in federal law. A search of Wisconsin law reveals no cases that address whether a Wisconsin prisoner serving two consecutive sentences is "in custody" for purposes of attacking *either* conviction. A small handful of Wisconsin cases addresses similar issues, but no one case is close enough to suggest that Wisconsin will part ways with Supreme Court precedent on this issue. Either way, if Eastman is unhappy with the state court's opinion he should appeal it. For the time being, there is no reason to believe that exhausting state remedies would be futile.

Nor does Eastman show good cause for his failure to exhaust his claims in state court. He explains simply that he did not appeal the denial of his post-conviction motion because he felt that the state court would "not rule against their own statutes." That is not good cause. *See, e.g.*, *Engle v. Isaac*, 456 U.S. 107, 130 (1982) ("If a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim.")

Because Eastman has failed to exhaust his state remedies, and it would not be futile for him to do so, his petition for a writ of habeas corpus must be dismissed. *See Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). Before he can come to the federal courts for post-conviction relief he must give the state courts one full opportunity to hear his claims. Once he has done so, Eastman may refile his petition in this Court.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Eastman's Motion for Leave to Proceed *In Forma Pauperis* [Docket No. 2] is **DISMISSED** as moot.

Eastman's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody [Docket No. 1] is **DISMISSED** without prejudice.

Dated at Milwaukee, Wisconsin this 19th day of April, 2005.

    **BY THE COURT**

    s/ Rudolph T. Randa

    **Hon. Rudolph T. Randa**
    **Chief Judge**